Daniel, J.
 

 The declaration is in trespass on the case — . plea not guilty. The question was, whether the jury could be permitted to include in the damages the $75, which sum the owner of the slave had recovered of the plaintiff upon the contract of hiring mentioned in the case. The judge was of opinion that the jury might inelude it; and we think he was right. Unless the injury is of such a nature as that actions can continually be brought from time to time, the jury may give all the damages fairly sustained by the plaintiff up to the time of the trial, and they are not confined to the damages sustained previous to the date of the writ. Where a libel on a ship was published in a newspaper on
 
 *224
 
 the 31st of October, and the plaintiff commenced his action 011 t^e^th of November,
 
 it was held
 
 that, in the estimate of damages, the jury need not confine themselves to the dam-a„es which occurred between the publication and the bring- ’ , . , , , , „ ing of the action, but might give damages for the loss of passengers, in consequence of the libel, subsequent to the date of the writ, and before the trial.
 
 Ingram
 
 v
 
 Lawson,
 
 38th Eng. C. L. R. 136. The master of an apprentice brought an action on the case
 
 per quod servitium amisit
 
 against the defendant, whose dog (known and accustomed to bile mankind) had bit the hand of the apprentice and rendered him incapable of doing his duty as a watch-maker. The declaration alleged, as special damage, the loss of service during the term, in consequence of the permanent injury.
 
 Held
 
 that the jury might award damages for the loss of the master,
 
 up to the end of the
 
 term, by reason of the permanent injury of the apprentice, and that they were not limited to give damages for the loss up to the commencement of the action only.
 
 Hadsall
 
 v
 
 Stallbrass,
 
 38th Eng. C.L. R. 35. In the case now before us, the plaintiff’s loss of the $75 was clearly in consequence of the misconduct of the defendants’ servants in the management of their business, and the remedy was an action on the case. The judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.